UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS | |
| Plaintiff, | CA 06 03 S |
| vs. | Civil Action No. |
| THE TOWN OF JOHNSTON, RHODE ISLAND, AND THE ZONING BOARD OF REVIEW OF THE TOWN OF JOHNSTON, RHODE ISLAND | |
| Defendants. | |

**COMPLAINT**

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, P.A., and complains against the defendants as follows:

1. Nextel brings this action because of the unreasonable refusal of the Town of Johnston, Rhode Island ("Johnston" or the "Town") and its Zoning Board of Review to allow Nextel to mount wireless telecommunications antennas to an existing 190 foot tall antenna tower located at 2419 Hartford Avenue, Johnston, Rhode Island (the "Property").

2. The Town's refusal to allow Nextel to install antennas on the existing tower violates Section 704 of the Telecommunications Act of 1996, 42 U.S.C. §337(c)(7)(B) (the "TCA"), in that the refusal does not comply with the TCA's requirements for a written decision supported by substantial evidence contained in a written record; in that the refusal effectively prohibits Nextel from providing personal wireless services in a significant portion of Johnston;

and, in that the refusal unreasonably discriminates among providers of functionally equivalent services. Nextel seeks an injunction directing the Town to authorize construction of the proposed facilities to proceed without further delay.

## PARTIES

3. Nextel is a corporation organized and existing under the laws of the State of Delaware and has a regional office at 9 Crosby Drive, Bedford, Massachusetts. Nextel is licensed by the Federal Communications Commission of the United States of America to provide wireless telecommunications services in various areas, including Rhode Island.

4. Nextel has been authorized by the owner of an existing 186-foot tall tower located on the Property to mount antennas on the tower and construct a 12 foot by 20 foot equipment shelter at the base thereof. Nextel is aggrieved by the refusal of the Town to allow the construction of these facilities to proceed.

5. The Town is a municipal corporation having its principal place of business at Town Hall, 1385 Hartford Avenue, Johnston, Rhode Island.

6. The Johnston Zoning Board of Review is the special permit granting authority with respect to wireless facilities in Johnston, and is the municipal agency responsible for the decision which led to this lawsuit.

## JURISDICTION AND VENUE

7. This civil action arises under those sections of the TCA which provide that any decision denying permission to construct wireless antenna facilities must be set forth in a written decision and "supported by substantial evidence contained in a written record," 47 U.S.C. §332(c)(7)(B)(iii); that local regulation "shall not prohibit or have the effect of prohibiting the provision of personal wireless services," 47 U.S.C. §332(c)(7)(B)(i)(II); that municipalities shall

not "unreasonably discriminate against providers of functionally equivalent services," 47 U.S.C. §332(c)(7)(B)(i)(I) and, that "[a]ny person adversely affected by any final action or failure to act by a state or local government or instrumentality thereof that is inconsistent with this paragraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis." 47 U.S.C. §332(c)(7)(B)(v).

8. Jurisdiction is based on 28 U.S.C. § 1331 which grants this Court original jurisdiction over all civil actions arising under the laws or Constitution of the United States.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), in that the defendants reside in this district and pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred here.

## ALLEGATIONS COMMON TO ALL COUNTS

10. The TCA was enacted in July 1996 in order to promote the rapid deployment in the United States of advanced telecommunications systems, including personal wireless services ("PWS"). To that end, the statute provides that local government regulation may not prohibit or have the effect of prohibiting the provision of PWS and imposes other substantive and procedural limits upon the ability of local governments to regulate PWS facilities.

11. Nextel is a provider of enhanced specialized mobile radio services, a type of personal commercial mobile radio services ("CMRS") which are within the definition of PWS set forth at 47 U.S.C. §332(c)(7)(C)(i). Nextel is licensed by the FCC to provide CMRS in certain markets, and it has certain obligations under that license to provide such services.

12. Nextel's PWS network is entirely digital and employs time division multiple access ("TDMA") technology. The network requires deployment of antennas throughout the

area to be covered, which are connected to receivers and transmitters that operate in a limited geographic area known as a "cell." Nextel's portable telephones operate by transmitting and receiving low power radio frequency signals to and from these cell sites. The signals are transferred to and from ground telephone lines and routed to their destinations by sophisticated electronic equipment which must be located near the antennas themselves.

13. The size of the area served by each cell site is dependent on several factors, including the number of antennas used, the height at which the antennas are deployed, the topography of the land, vegetative cover and natural or man-made obstructions in the area. As customers move throughout the service area, the transmission from the portable unit is automatically transferred to the closest Nextel facility without interruption in service, provided that there is overlapping coverage from the cells.

14. In order for Nextel's PWS network to function properly, there must be some overlapping coverage between adjoining cells to allow for the transfer or "hand-off" of calls from one cell to another and to avoid disconnection or "dropped" calls. Nextel's antennas must be strategically located within the targeted area in order to provide sufficient radio frequency coverage, connectivity with surrounding sites, adequate service and adequate capacity. Nextel's antennas also must be located high enough above ground level to allow transmission (or "propagation") of the radio frequency signals above trees, buildings and natural or man-made other structures that may obstruct the signals. Areas without adequate radio frequency coverage have substandard or no wireless service.

15. The antennas and related equipment which Nextel deploys in order to provide PWS to its customers are within the definition of "PWS facilities" set forth at 47 U.S.C. §332(c)(7)(C).

16. Johnston is a heavily-populated and heavily traveled community. Many actual and potential Nextel customers live, work or travel through this area. Nextel's existing coverage is not adequate to serve this busy community. In or about early 2005, Nextel determined that it needed to install additional antenna facilities in Johnston in order to serve these customers and potential customers adequately.

17. The Town has a zoning ordinance (the "Ordinance") which regulates the deployment of PWS facilities. Under the Ordinance, Nextel requires a "special use permit" in order to attach antennas to an existing antenna tower.

18. With its network engineering requirements and the criteria of the Johnston Zoning Ordinance in mind, Nextel explored possible locations. Nextel ultimately determined, for a variety of reasons, that mounting antennas on the existing tower would be ideal. Among other things, such a facility would avoid the need for a new antenna tower. There is adequate space on the tower for Nextel's antennas, and adequate space within the existing fenced-in compound at the base of the tower for Nextel to install its related electronic equipment. The tower, moreover, already contains the antennas of at least one Nextel competitor and thus it appeared, at least implicitly, that the Town was satisfied that this use was consistent with applicable land use regulations. Finally, the Property is surrounded by business uses and thus the use contemplated by Nextel would not be out of character with the existing uses in the neighborhood.

19. Nextel obtained permission from the owner of the Property to install its antennas on the tower and to build an equipment shelter at the base. Then, on or about August 23, 2005, Nextel submitted an application for a special use permit, with supporting materials, to the Town's Zoning Board of Review.

20. The Town held a single public hearing with respect to Nextel's application for a special use permit on October 27, 2005.

21. During the hearing process, Nextel explained the details of its application and presented testimony, including expert testimony, which explained the need for these facilities. Nextel also explained the lack of feasible alternatives, and submitted photosimulations which demonstrated that the installation of its facilities to the existing 186-foot tall tower would have minimal visual impact.

22. In short, both in its application and during the hearing process, Nextel presented substantial evidence to show that its proposed facility met all requirements under federal, state and local law for the requested special use permit.

23. Nextel's evidence was unrebutted. Although three residents of the Town spoke in opposition to the Nextel proposal, their remarks were brief, vague and did not constitute evidence which could properly be considered by the Board in its deliberations.

24. Despite the minimally intrusive nature of the proposed Nextel facility, despite the absence of any better or more feasible alternatives, and despite the absence of any significant opposition, the Zoning Board of Review refused to grant Nextel's application for a special use permit.

25. The decision denying Nextel's application was reduced to writing and filed with the Town Clerk on December 9, 2005 (the "Decision," a copy of which is annexed hereto as Exhibit A).

26. In its Decision, the Zoning Board of Review articulated several vague reasons, but did not offer any specific rationales for its refusal to allow the Nextel proposal to proceed, and did not offer any specific factual findings to support its reasoning.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)**

27. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 26 of this Complaint as though fully alleged herein.

28. The Town's denial of authorization to Nextel to install antennas on the building was not "in writing and supported by substantial evidence contained in a written record" as required by the TCA, 47 U.S.C. § 332 (c)(7)(B)(iii).

29. Nextel is accordingly entitled to an injunction directing the Town to grant the special use permit and all other permits and approvals necessary for construction of the proposed facilities to proceed.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(II)**

30. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 29 of this Complaint as though fully alleged herein.

31. Nextel has a significant gap in its network coverage and capacity which it proposed to close by the only feasible option, and which it now will be unable to close.

32. Nextel accordingly is entitled to a declaration that the Town has effectively prohibited Nextel from providing wireless services in Johnston, and an injunction directing the Town to issue the special use permit and all other permits and approvals necessary for its antenna facility construction to proceed.

**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)**

33. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 32 of this Complaint as though fully alleged herein.

34. Nextel has a significant gap in its network coverage and capacity which it proposed to close by mounting an antenna on a structure which already contains the antennas of Cingular, a Nextel competitor and a provider of services which are "functionally equivalent" to those provided by Nextel.

35. Nextel accordingly is entitled to a declaration that the Town has unreasonably discriminated among providers of functionally equivalent services and to an injunction directing the City to issue the special use permit and all other permits and approvals necessary for its antenna facility construction to proceed.

**WHEREFORE**, Nextel respectfully requests that this Honorable Court issue the following relief on an expedited basis as required by 47 U.S.C. §332(c)(7)(B)(iv):

A. Declare that the denial by the Town was not "set forth in writing and supported by substantial evidence contained in a written record" and, therefore, violates the TCA and is invalid and annulled;

B. Declare that the Decision has the effect of prohibiting Nextel from providing personal wireless services and therefore violates the TCA and, therefore, is invalid and annulled;

C. Declare that the Decision of the Town's Zoning Board of Review amounts to unreasonable discrimination against providers of functionally equivalent services and, therefore, violates the TCA and is invalid and overturned;

D. Issue an injunction ordering the Town and its instrumentalities immediately to issue the special use permit and all other approvals and permits necessary to allow construction of the proposed facilities to begin without further delay; and,

E. Grant such other and further relief as justice and equity may require.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC INC. d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: 01/05/06 By: Kristen M. Dull

Steven E. Grill, Esquire
Kristen Dull, Esquire (Bar # 6897)
111 Amherst Street
Manchester, New Hampshire 03101
Telephone: (603) 669-1000
e-mail: sgrill@devinemillimet.com

J:\wdox\docs\clients\10339\76121\M0804629.DOC