UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS,

Plaintiff,

vs. : Civil Action No. CA 06-03-S

THE TOWN OF JOHNSTON, RHODE ISLAND, et al.,

Defendants.

**AGREEMENT FOR JUDGMENT**

This Agreement for Judgment ("Agreement") is made this 5th day of May 2006 by and among Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications ("Nextel"), the Town of Johnston, Rhode Island and the Zoning Board of Review of the Town of Johnston (collectively, the "Defendants"). All of the above parties shall be collectively referred to herein as the "Parties."

WHEREAS, Nextel commenced a civil action entitled Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications v. The Town of Johnston, et al., C.A. CA 06-03-S in the United States District Court for the District of Rhode Island (the "Litigation") in which Nextel asserted claims against the Defendants arising out of the Defendants' denial of Nextel's application for a special use permit to allow Nextel to install wireless communications antenna facilities together with an equipment shelter and utilities appurtenant thereto (the

"Facilities") upon and/or adjacent to an existing tower located at 2419 Hartford Avenue, Johnston, RI (the "Site");

WHEREAS, Nextel alleged in the Litigation that the Defendants violated the Federal Telecommunications Act of 1996, which allegation the Defendants deny;

WHEREAS, the Parties wish to avoid further expense in connection with the Litigation and desire to settle and compromise all allegations made in the matters at issue in the Litigation;

WHEREAS, the Parties have agreed to settle the Litigation upon the terms contained herein;

WHEREAS, the Parties agree that the Litigation should be settled forthwith, that there is no just cause for delay, and that a remand of this matter to the Board would serve no useful purpose;

NOW THEREFORE, the Parties through their counsel, stipulate and agree as follows:

1. Final Judgment shall enter in Nextel's favor, vacating the Board's decision dated December 5, 2005, and filed in the office of the Town Clerk on December 9, 2005, which denied Nextel's request for a special use permit in connection with the installation of its Facilities at the Site.

2. The Parties further stipulate and agree that there is no just cause for delay in the issuance of the special use permit pursuant to this Agreement for Judgment, that further meetings, hearings or decisions would serve no useful purpose, and that the zoning relief necessary to permit the installation and operation of the Facilities shall be ordered by the Court consistent with the plans and specifications Nextel presented to the Board in its Application dated August 23, 2005, subject to the conditions set forth in Exhibit A hereto.

3. Further, the Parties stipulate and agree that this Agreement for Judgment and the Judgment to be entered in this action pursuant to it shall operate as a grant of the requested special use permit thereof without the necessity of further action on the part of either the Defendants or Nextel, subject to the conditions contained in Exhibit A.

4. This Agreement for Judgment fully and completely resolves all of Nextel's pending claims against the Defendants with respect to Nextel's proposed Facilities at the Site, including any and all claims arising from the Zoning Board of Review's denial of Nextel's request for a special use permit, any delays encountered in connection therewith, and any and all costs, including attorney's fees, associated therewith. This Agreement, however, shall have no effect on either party with respect to any future applications for zoning relief in other locations in Johnston or on any litigation which may arise out of any such future applications.

5. The Parties acknowledge and agree that they have entered into this Agreement on the advice of counsel, voluntarily, and not as a result of any promise or representation except as set forth expressly herein and in Nextel's application, plans and specifications, and not as a result of any duress or coercion by any person or entity.

6. This Agreement and the Judgment filed herewith constitute the entire agreement of the Parties, and it is expressly agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect, except by a writing duly executed by all of the Parties.

7. This Agreement shall inure to the benefit of, and be binding upon, the Parties to this Agreement and each of their officers, directors, shareholders, trustees, beneficiaries, insurers, agents, employees, attorneys, predecessors, successors and assigns.

8. This Agreement may be executed in counterparts, each of which shall be treated as an original.

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. D/B/A NEXTEL COMMUNICATIONS, INC.

By its Attorneys

DEVINE, MILLIMET & BRANCH, P.A.

Dated: May 5, 2006

By: Steven E Grill

Steven E. Grill, Esquire
*admitted pro hac vice*
111 Amherst Street
Manchester, NH 03101
Phone: 603-669-1000
e-mail: sgrill@devinemillimet.com

-- and --

THE TOWN OF JOHNSTON, et al.

By their Attorneys,

Dated: May 5, 2006

By: Steven E Grill FOR John M. Verdecchia, with permission

John M. Verdecchia, Esquire #3374
Town Solicitor
Johnston Town Hall
1385 Hartford Avenue
Johnston, Rhode Island 02919
(401) 351 -6618

J:\WDOX\DOCS\CLIENTS\10339\73907\M0833852.DOC

**EXHIBIT A**

Nextel shall comply with the following conditions:

1. Although the special use permit being granted hereunder shall authorize the installation of twelve (12) panel antennas as shown and described more fully in the Application and Plans submitted by Nextel, Nextel shall not install more than nine (9) panel antennas during the first year following the issuance of the said special use permit.

2. The special use permit granted hereunder applies only to the Facilities as shown on the plans submitted with Nextel's application. Nextel does not intend to seek to install any other antennas at this site.

3. Nextel reserves the right to seek to modify this installation in the future in the event of technological changes, in which case it shall be required to seek further relief under applicable laws and regulations, including without limitation the Johnston Zoning Ordinance.